STATE OF NEBRASKA, APPELLEE, v. DOWNTOWN BOOKS, INC.,
A NEBRASKA CORPORATION, APPELLANT.
244 N. W. 2d 63

Filed July 7, 1976. No. 40515.

Robert Eugene Smith, Gilbert H. Deitch, Michael Clutter, and Stern, Harris, Feldman, Becker & Thompson, for appellant.

Paul L. Douglas, Attorney General, Herbert M. Fitle, and Gary P. Bucchino, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant-appellant appealed its conviction after a jury trial in the municipal court of Omaha on all counts of distributing obscene materials. Appeal on the record to the District Court resulted in an affirmance. Defendant now appeals to this court. We affirm.

This case involves 14 counts of distributing obscene materials. Thirteen different printed publications are involved. Copies of one publication were sold to two different police officers and each sale was prosecuted as a separate offense.

The publications were purchased from the defendant during the period from April 7 to April 10, 1975. The publications were wrapped in clear cellophane so that it was impossible to leaf through them. Their covers, however, were in open view to prospective purchasers.

Both covers on 12 of the publications depicted sexual acts as well as displaying the genitals of the persons involved. The two others, which were the items sold to the two different police officers, carried the description across the front, "World's No. 1 Erotic Magazine." The front and back covers carried the notation "Entirely Full Color." This publication is titled "Playmate."

The other twelve publications which are the subject matter of this case are titled: "Easy Pieces"; "Stud Service"; "End Over End"; "Hard On"; "Fucking Trio"; "Black Hard On"; "Hot and Hung"; "Fucking Orgies"; "The Sex Family"; "Fun Loving Nympho"; "Up and Coming"; and "Enrapt Pairs."

"Playmate" pictures acts of sexual intercourse, fellatio, and cunnilingus, with overtones of a ritualistic and masochistic nature.

"Easy Pieces" depicts various acts of sexual intercourse, fellatio, and cunnilingus. Its written material contains discussion of love, liberating the single men, and sexual foreplay.

"Stud Service" pictures acts of homosexual fellatio, masturbation, and sodomy. The writing is a narrative of various homosexual experiences.

"End Over End" depicts homosexual fellatio and sodomy, and contains a narrative of a student's homosexual experiences.

"Hard On" contains pictures of masturbation, sexual intercourse, fellatio, and cunnilingus. Its written material describes techniques for sexual arousal.

"Fucking Trio" depicts acts of sexual intercourse, fellatio, and cunnilingus, with three participants. The writing discusses three-way sexual acts.

"Black Hard On" contains pictures of sexual intercourse, fellatio, and cunnilingus. The written material discusses the sexuality of black males.

"Hot and Hung" depicts various acts of masturbation, sexual intercourse, fellatio, and cunnilingus. The text

purports to be a psychological case history of a man with an affinity for prostitutes.

"Fucking Orgies" pictures acts of sexual intercourse, fellatio, and cunnilingus. The written material is a narrative of a woman's sexual experience.

"The Sex Family" depicts heterosexual intercourse, fellatio, cunnilingus, and lesbian cunnilingus. The written material discusses incest. The pictures portray obviously posed situations displaying the genitals.

"Fun Loving Nympho" depicts acts of heterosexual masturbation, intercourse, fellatio, cunnilingus, and lesbian cunnilingus. The article details techniques a woman can use to increase her sensuality and gratification from sex.

"Up and Coming" contains pictures of homosexual masturbation, fellatio, and sodomy. The written material is a narrative of a homosexual encounter.

"Enrapt Pairs" pictures acts of intercourse, fellatio, and cunnilingus. Its written material discusses sex and the single girl, adultery, and marriage.

Defendant alleges five assignments of error, the fifth of which is divided into three parts. However, it only discusses two of them in its brief. Pursuant to our rules we deem the others to be waived. We consider only assignments of error discussed by appellant in the brief. Rule 8a(3), Revised Rules of the Supreme Court, 1974.

Defendant first argues the publications as a matter of applicable constitutional law are not obscene and constitute protected expression under the First and Fourteenth Amendments to the United States Constitution. We disagree with the defendant. We find they are obscene as a matter of applicable constitutional law, and do not constitute protected expression under the Constitution.

The publications involved herein are clearly embraced within the test of obscenity delineated in Miller v. California (1973), 413 U. S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419. They each contain patently offensive representa-

tions or descriptions of ultimate sexual acts, normal or perverted, actual or simulated. Each of them displays patently offensive representation or description of masturbation, excretory functions, and lewd exhibition of genitals.

Even a casual review of each publication is sufficient to indicate that they were not intended to promote, and definitely lack, any serious literary, artistic, political, or scientific value. If any such exists in any degree in any of the publications, we are unable to find it. This at the very least is a minimum requirement to merit First Amendment protection.

We determine each of the publications to be utterly without redeeming social value, if such test is deemed necessary. We have no hesitancy in finding every one of them obscene publications as a matter of law.

Defendant's second assignment of error is that the evidence in the record is insufficient as a matter of law to establish the element of scienter to the minimum constitutional standard enunciated in Hamling v. United States (1974), 418 U. S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590.

This same issue of scienter was raised in State v. American Theatre Corp. (No. 40513), *ante* p. 461, 244 N. W. 2d 56, which is a companion case to this one. Both cases were argued together, and what we said in that case is pertinent and controlling herein. We refer to that case for a discussion of this assignment.

Defendant's assignments of error are definitely without merit. The judgment is affirmed.

AFFIRMED.