STATE OF NEBRASKA, APPELLEE, v. JEROLD REEDER,
· APPELLANT.

160 N. W. 2d 753

Filed· August 23, 1968.   No. 36827.

Moyer & Moyer, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The defendant minor was convicted in county court

and by a jury in district court of possession of alcoholic liquor inside a vehicle while on a public street or highway, contrary to section 53-180.02, R. S. Supp., 1965. From the judgment of conviction and sentence thereon, he appeals to this court. We affirm the judgment and sentence of the district court.

The following facts, mainly undisputed, furnish the factual background of this case: On the night of April 6, 1967, at approximately 11:50 p.m., Jack L. Florendo, a city police officer, was taking three other police officers home upon terminating their tour of duty when he observed 17-year-old Jerold Reeder hanging out of a motor vehicle which was parked on a city street in Columbus, Nebraska. Officer Florendo stopped the vehicle he was operating and shone his spotlight on the defendant and upon doing so, defendant grabbed the steering wheel of the vehicle he was hanging out of and pulled him up into the vehicle. Officer Florendo then got out of the vehicle he was operating and walked over to the vehicle the defendant was sitting in. Upon doing so, officer Florendo observed three other persons, Westerbuhr, Tagwerker, and Miss Ramona Neuhaus sitting in the vehicle with the defendant. He also observed a bottle of beer between Westerbuhr's feet, who was sitting in the left rear of the vehicle, whereupon Florendo called to the other officers. Officer Molczyk responded and proceeded to the passengers' side of the vehicle in which the defendant was sitting. He first observed Tagwerker, who was sitting in the right rear, pouring beer out of a bottle. Officer Molczyk observed two beer bottles near the back window and another beer bottle on the floorboard to the right of the hump caused by the transmission and in front of Miss Neuhaus, who was sitting in the front seat next to the defendant who was sitting behind the steering wheel. The evidence is that Miss Neuhaus was not drinking and consumed none of the beer from the partially empty bottle on the floor next to the transmission hump. During the investigation, officer

Molczyk detected an odor of alcoholic liquor on the defendant. The defendant and the three other persons who were with him were advised that they were under arrest.

The main thrust of the defendant's argument is that the evidence is insufficient, as a matter of law, to support a conviction. It has long been the rule that knowledge and consciousness of possession of alcoholic liquor are essential elements of proof. See State v. Eberhardt, 176 Neb. 18, 125 N. W. 2d 1, and cases cited therein at p. 22. There is often, as here, very little direct evidence of knowledge and "conscious possession." Like intent, these elements remain hidden in the recesses of the human mind and must be proved by means of circumstantial evidence. With regard to judicial review of the sufficiency of circumstantial evidence to support a conviction, we have recently restated the rule with reference to circumstantial evidence. In State v. Williams, *ante* p. 257, 159 N. W. 2d 549, we said: "In State v. Ohler, supra, we restated what has long been the rule in this jurisdiction: 'After a jury has considered the evidence in the light of the foregoing rules and returned a verdict of guilty, the verdict on appeal may not, as a matter of law, be set aside for insufficiency of the evidence *if the evidence sustains some rational theory of guilt.*'" (Emphasis supplied.)

Do the inferences from the proved facts sustain some rational theory of conscious possession and therefore guilt of the accused? We hold that they do. Besides the inferences from the general circumstances of the conduct of the defendant and the pouring and drinking of beer by his companions, there are two circumstances which unerringly sustain a rational inference of knowledge and conscious possession. One is the presence of an opened and partially empty cooled bottle of beer lying within arm-reaching distance of the defendant just over the transmission "hump" immediately to his right on the floor in front of the front seat of the automobile. An-

other is the positive testimony of the police officer that at about the same time he smelled beer on the defendant's breath when about 2 feet from him. Unless we are to emasculate the statute by holding that direct evidence only is sufficient to support a conviction, the evidence herein is sufficient to support a conviction, as the county court and a district court jury found. Most of the rest of the defendant's argument is in essence a discussion of the weight and credibility of the evidence and testimony. It is true that the companions of the defendant testified unequivocally in his favor, and another officer did not smell liquor on defendant's breath. We point out that this officer's testimony was not based on a proper foundation, and even if it were, these are matters that go to the weight and credibility of the evidence, are solely for the jury as trier of the facts, and do not relate to the question of the sufficiency of the evidence. See State v. Knecht, 181 Neb. 149, 147 N. W. 2d 167.

Defendant contends that the court, in its instruction on circumstantial evidence, did not inform the jury that the circumstances must be proved beyond a reasonable doubt. As the court specifically instructed the jury in instruction No. 10, instructions must be considered as a whole in determining whether a particular instruction or a part thereof is prejudicial. See State v. Brown, 174 Neb. 393, 118 N. W. 2d 332. Instructions Nos. 8 and 9 informed the jury of the applicable law of circumstantial evidence and as to the law of reasonable doubt. The three instructions together could not have reasonably misled the jury to an incorrect application of the law. Defendant urges error in the refusal to give a requested instruction which he says contained *only* a portion of the law of circumstantial evidence. The instruction requested was fully covered in the instructions given and error may not be predicated on the refusal to give an instruction which either erroneously or partially covers the applicable law. Owens v. State, 152 Neb. 841, 43 N. W. 2d 168.

Defendant argues that the court did not instruct the jury that an additional independent factor linking the defendant with the alcoholic beverages must be shown besides the presence with others who were in possession. In instruction No. 5 the court fully and accurately informed the jury of the law of possession and the necessary elements thereof. Again, the jury in instruction No. 9 was informed as to the law of reasonable doubt. The argument of the defendant amounts to a contention that the court was under a duty to give an instruction, although technically accurate, slanted in his favor. There is no merit to this contention.

Defendant argues at length about the ambivalent nature of the evidence and argues that at a minimum it is susceptible of a reasonable construction of the innocence of the accused. This argument basically flows from a misconception of the circumstantial evidence rule. It is only necessary that the evidence support some rational theory of guilt in order to be sufficient to require submission to the jury or to sustain a jury verdict. State v. Williams, supra; State v. Ohler, 178 Neb. 596, 134 N. W. 2d 265.

Defendant argues the illegality of his arrest without a warrant. A police officer may arrest for a misdemeanor committed or attempted in his presence. 5 Am. Jur. 2d, Arrest, § 30, p. 720. The same evidence that sustains the finding of the guilt of the accused amply supports the finding that it was being committed at the time the officer stepped up to the car and found the defendant in the driver's seat within arm-reaching distance of a partially emptied cold bottle of beer. The presence of the drinking companions and the smell of alcoholic liquor later discovered also demonstrate that an offense was being committed at the time the police officer appeared.

The judgment and sentence of the district court were correct and are affirmed.

AFFIRMED.