STATE OF NEBRASKA, APPELLEE, v. WAYNE A. EMBREY ET AL., APPELLANTS.

198 N. W. 2d 322

Filed June 16, 1972. No. 38417.

Homer E. Hurt, Jr., for appellants.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and BRODKEY, District Judge.

McCOWN, J.

Four minors were convicted on charges of minor in possession of alcoholic liquor. Wayne A. Embrey and Gary J. Schlecht were each fined $100. Darrell D. Bunn and Richard L. Grovijohn were sentenced to 10 days in jail and fined $175. Grovijohn was also found guilty of disobeying a lawful order of an officer of the Nebraska State Patrol and received a 10-day concurrent jail sentence on that count.

On May 7, 1971, at approximately 11:30 p.m., Quinton Petz, the chief of police of the Village of Beemer, Nebraska, observed the defendant Richard Grovijohn drive a car up and down Main Street several times and then turn into an alley. At about this time, Officer Tobey of the Nebraska State Patrol drove up. Petz got into the patrol cruiser and the officers drove to the opposite end of the alley and parked in a service station lot. Petz went down the alley on foot and observed the Grovijohn automobile stopped in the alley at the rear of the Pastime Bar, some 100 to 125 feet away from his position. Petz saw the defendant Darrell Bunn come out of the bar with two sacks and get into the Grovijohn car. Petz went back to the patrol cruiser and informed Officer Tobey that he believed beer had been purchased. The Grovijohn car came out of the alley, turned away from the patrol cruiser, and proceeded out of town on Highway 275. The officers followed and

stopped the car about one mile east of Beemer. Officer Tobey checked Grovijohn's driver's license and asked if they had beer in the car. Darrell Bunn responded that they did but that he was old enough. Bunn then produced a draft card which the officers knew was not his. Officer Tobey asked the occupants to get out of the vehicle and directed them to stand by the patrol car. Officer Petz then removed two paper bags, each of which contained a 6-pack of beer, from the floor in the rear seat of the Grovijohn car. Officer Tobey arrested the defendant Darrell Bunn and placed him in the cruiser. The other boys got back in the Grovijohn car and Tobey "advised" or "told" Grovijohn to follow him to the sheriff's office in West Point. Darrell Bunn was the only defendant placed under arrest at that time. Officer Tobey testified he did not indicate that any of the other boys had been placed under arrest at that point, nor were any citations written out or issued at the scene. When the officers started to drive the patrol cruiser to West Point, the defendant Grovijohn followed them for a short distance and then turned off. The officers observed the Grovijohn car departing but proceeded on to West Point.

The defendants contend that the evidence is insufficient to establish knowledge or consciousness of actual or constructive possession of the beer except as to Darrell Bunn, who bought it, and Richard Grovijohn, the driver in control of the car. We cannot agree. The evidence established that all four of the defendants had gone to a party together earlier in the evening. The car occupied by the defendants was parked in an alley behind a bar and Officer Petz watched while defendant Bunn got in the car carrying the beer. When the defendants came out of the alley, they attempted to avoid the patrol cruiser. The Grovijohn car was a two-door car and the beer was on the floor of the back seat when the officers removed it a few minutes later. At the time the officers stopped the car on the highway and

during the proceedings there, one or both of the of-. ficers testified that they smelled alcohol on the breath of each of the defendants, although the beer in the car had not been opened. While the defendants' testimony tended to disavow knowledge of actual or constructive possession, nevertheless the evidence was sufficient to establish knowledge and consciousness of possession, and to sustain the verdict of guilty. See State v. Reeder, 183 Neb. 425, 160 N. W. 2d 753.

The case was tried to the court without a jury and the weight and credibility of the evidence were clearly for the determination of the trier of the facts. It is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence, unless it is so lacking in probative force as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt. State v. Tindell, 185 Neb. 683, 178 N. W. 2d 571. While to some extent the evidence may be circumstantial and marginal, it was sufficient.

Richard Grovijohn was also convicted of failure to obey the lawful order of an officer of the state patrol. Officer Tobey himself testified that at the time the officers stopped the Grovijohn car and he arrested Darrell Bunn, he did not place any of the other boys under arrest. He also testified that he did not indicate to any of the other boys that they were under arrest at that point. No citation was written out or delivered to anyone at the time. The offense involved here did not rest on a violation of any law regulating the operation of vehicles or the use of the highways. Neither did it involve a felony of any kind. The provisions of section 60-435 or section 60-437, R. R. S. 1943, furnish no basis for the authority to issue an order to Grovijohn to follow Officer Tobey to West Point under the circumstances here. The foundation for a lawful order must rest on its connection with an arrest of Grovijohn. Officer Tobey's own testimony establishes that he did

not arrest Grovijohn or even indicate to him that he was under arrest. The evidence was insufficient to support a verdict of guilty on Count II.

The conviction and sentence of Richard Grovijohn on Count II, for failure to obey a lawful order, is set aside and vacated. As to all other convictions and sentences, the judgment of the trial court was correct and is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED AS TO DEFENDANT RICHARD L. GROVIJOHN. AFFIRMED AS TO ALL OTHER DEFENDANTS.