State of Nebraska, appellee, v. Thomas J. Connor, appellant.

202 N. W. 2d 172

Filed November 17, 1972. No. 38487.

Homer E. Hurt, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

White, C. J.

The defendant appeals from a conviction for being a minor in possession of alcoholic liquor. His appeal is predicated upon contentions that the evidence was insufficient to sustain the finding of guilt, and the failure of the district court to suppress certain evidence allegedly obtained as the fruit of an illegal search. We affirm the judgment and sentence of the district court.

A brief résumé of the facts is sufficient to dispose of the contentions of the defendant on appeal. The defendant was a passenger in a car driven by another

boy when a State Patrolman, having been advised by a patrol aircraft that the car was speeding, stopped it near Fremont, Nebraska, with the intention of issuing the driver a warning ticket. While examining the operator's license of the driver, the officer detected the odor of, alcohol coming from the driver's side of the vehicle. At the same time he determined from his examination of the driver's license that the driver was under 18 years of age. The officer then inquired of the boys whether there was any liquor in the car and received no reply. He opened the left front door of the vehicle and observed a partially full can of beer near the driver. He then circled the car and opened the right front door by which the defendant was seated, and observed a sack containing a number of unopened cans of beer lying on the floor. Lying next to the sack, near the defendant's foot, was an empty can. The defendant was asked whose beer this was and he replied that he guessed it was theirs. After a search of the rear seat of the car the boys were placed under arrest.

The thrust of defendant's principal objection is that the police officer lacked probable cause for a warrantless search of the vehicle under these circumstances. The defendant argues that there is nothing in the record to indicate that the boys might not have consumed the liquor in their own home which is entirely lawful, and, of course, that is true. But the issue here is the reasonableness of the officer's action and what is overlooked by the defendant is that he is not here charged or convicted of the crime of consumption of alcoholic liquor but of a minor in possession of alcoholic liquor. We have recited the facts. It is clear to us that the officer smelling the alcoholic liquor, with the information obtained from the license that the driver was a minor, and what he observed considering the appearance of the occupants in broad daylight, certainly had probable cause to believe that either a crime was being committed in his presence or that there was evidence thereof, and his

opening of the doors and observing what was in plain sight on the floor of the car was not an unreasonable search under these circumstances. Probable cause for searching a motor vehicle is to be determined in view of its mobility and by a practical and not a technical standard, and differs from that required to search a fixed structure. State v. Forney, 182 Neb. 802, 157 N. W. 2d 403, cert. denied, 393 U. S. 1044 (1969). The officer had determined that the driver was a minor, had smelled the presence of alcohol, and was not required to ignore what was apparent from his observation of the defendant and what was in plain sight inside of the automobile. Probable cause may result from the use of any of the senses. 79 C. J. S., Searches and Seizures, § 69e, p. 850.

As to the sufficiency of the evidence, this case is quite similar and is controlled by our holdings in State v. Embrey, 188 Neb. 649, 198 N. W. 2d 322; and State v. Reeder, 183 Neb. 425, 160 N. W. 2d 753. The justification for search in this case was very similar to that in State v. Reeder, *supra*. It was ample to sustain a reasonable inference of conscious possession of alcohol. The evidence was sufficient and there is no merit to this contention.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.