STATE OF NEBRASKA, APPELLEE, v. BILLY R. TORRENCE, APPELLANT.

224 N. W. 2d 177

Filed December 12, 1974. No. 39535.

Clayton H. Shrout of Shrout, Caporale, Krieger, Christian & Nestle, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant appeals from a conviction for possession of heroin. He alleges four assignments of error: (1) Failure to grant a speedy trial; (2) insufficiency of the evidence; (3) receipt in evidence of an ice bucket described as State exhibit 1; and (4) overruling his motion for judgment notwithstanding the verdict. We affirm.

On February 25, 1972, pursuant to a no-knock search warrant, the premises at 4110 John Creighton Boulevard were searched by Omaha police officers. At that time an ice bucket and several other items were seized. On March 6, 1972, the defendant was charged with possession of heroin. The charge was based on a positive

test on the residue in the ice bucket. The charge was dismissed March 15, 1972, at the conclusion of a preliminary hearing in the Omaha municipal court.

Subsequently, in State v. McElroy (1972), 189 Neb. 376, 202 N. W. 2d 752, we clarified the law on quantity as an essential element of the offense of unlawful possession of a controlled substance. The State, on April 9, 1973, refiled the charge against the defendant. The case was tried to a jury in District Court starting October 22, 1973.

The search pursuant to the warrant was conducted at 4110 John Creighton Boulevard. Defendant was not present at the time but was brought to the residence during the search. On a card table in the basement, the police found the ice bucket which contained a large tablespoon. There was a powdery substance in the bottom of the bucket. It was a small amount, roughly 10 milligrams. A test proved it to be heroin. The police also discovered some foil-wrapped papers in the same area.

Did the trial court err in not sustaining defendant's motion for dismissal for failure to grant a speedy trial? The delay complained of occurred between March 15, 1972, when the charges against defendant were dismissed following a preliminary hearing, and April 9, 1973, when the charges were refiled. This represents a delay of 13 months. A municipal judge dismissed the charge because he erroneously believed the amount of heroin involved was not sufficient to support a criminal complaint. Defendant concedes that although the charge had been dismissed, the State was not precluded from refiling it. Van Buren v. State (1902), 65 Neb. 223, 91 N. W. 201.

Five months after this court clarified the law on the point erroneously decided by the municipal judge, the State refiled the charge. Defendant then had been arrested on another narcotic offense. Defendant asserts that the reason for the delay was a bad faith ef-

fort on the part of the prosecution to justify unreasonably high bail. The obvious answer to this is that the defendant was able to post an appearance bond. In any event, if defendant felt the bond was unreasonably high, he was not without remedy.

It is more likely to believe that the reason for the delay was the uncertainty of the law which uncertainty was removed 5 months before the refiling of the information. We do not doubt that one of the factors influencing the prosecutor's decision to refile was the arrest of the defendant on another drug-related charge. The trial proceeded expeditiously after the refiling.

Defendant asserts the delay was prejudicial to him, but makes no attempt to show in what manner or degree he was prejudiced. Rather, his claim is premised on his argument that the denial of a constitutional right is inherently prejudicial. The question of prejudice along with the other variables set out in Barker v. Wingo (1972), 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101, is still pertinent on the issue of whether a constitutional right was violated. Barker teaches that a balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis to identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. These were identified as length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to him. Applying the Barker criteria to this case, we conclude that the motion to dismiss was properly overruled.

Defendant's next assignment of error is premised on his contention that the State never established that he ever possessed or controlled the ice bucket found at 4110 John Creighton Boulevard. It is conceded that defendant did not have physical possession of the heroin at the time of his arrest. Specifically, it is contended the jury might reasonably find the place where the

narcotic was discovered was the residence of the accused and from that finding rationally infer that the defendant had constructive possession of the drug.

Three Omaha police officers testified that 4110 John Creighton Boulevard was the residence of the accused. That residence had been under surveillance for some time. While the search at the residence was going on, another search warrant was served on the Fish House Cafe where the defendant was found. After completing that search, one of the police officers testified he accompanied the defendant to his residence, 4110 John Creighton Boulevard. They arrived while the search was in progress.

The ice bucket was taken to the police station and subsequently to the Lutheran Medical Center where a test was made of the white residue. The officer who took the bucket to the station thought he had marked it with his initials and had placed a tag on it. These were not present at the time the exhibit was offered in evidence. The officer, however, identified the bucket as the one taken from 4110 John Creighton Boulevard on the basis of a gold band around the top of the bucket.

The officer who transported the articles taken in the search at 4110 John Creighton Boulevard to Lutheran Medical Center identified the ice bucket as one of the articles turned over to the chemist. In 2 years of taking articles to the Center this was the only ice bucket tested. The chemist who received the bucket from the officer and made the test recognized the exhibit as that item. After testing, the bucket was kept in the vault at the Center. The substance in the bottom of the bucket tested positive for heroin. After the preliminary hearing, the bucket was returned to the chemist. He placed an identifying number tag on it. This was present at the time of the trial.

The question presented is, having a reasonable basis for finding that the place where the narcotic was

found was the residence of the defendant, whether the jury might then rationally infer that the defendant had constructive possession of drugs found at his residence? The answer to that question is set out in State v. Rys (1971), 186 Neb. 341, 183 N. W. 2d 253, where we said: "Ordinarily, when liquor, narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation for its presence."

In State v Faircloth (1967), 181 Neb. 333, 148 N. W. 2d 187, we held: "To prove unlawful possession of a narcotic drug, the evidence must show that the accused had physical or constructive possession with knowledge of the presence of the drug and its character as a narcotic. Proof of guilty knowledge may be made by evidence of acts, declarations, or conduct of the accused from which the inference may be fairly drawn that he knew of the existence and nature of the narcotics at the time and place where they were found. Here, the ice bucket containing the narcotic was found with a tablespoon on a card table in the center of the "rec room" in the basement. This was sufficient to give rise to an inference of knowledge and possession by the defendant sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts or explanations which might raise a reasonable doubt of the defendant's guilt.

Defendant's third assignment of error is that the ice bucket was admitted into evidence without sufficient foundation. Defendant concedes the ice bucket was taken into custody following a search conducted at 4110 John Creighton Boulevard. The fact that the bucket tested positive for heroin is undisputed. Defendant contends the State did not sufficiently establish a chain of custody so as to exclude the possibility that the evidence was altered. A trial court's deter-

mination of the admissibility of physical evidence will not be overturned except for a clear abuse of discretion. State v. Waits (1970), 185 Neb. 780, 178 N. W. 2d 774. We must, therefore, determine whether or not there was an abuse of discretion in the admission of the ice bucket.

The police officer who took the bucket to the police station testified he thought he had marked his initials on it, but could not find them when it was offered in evidence. Further, the municipal judge testified the number of the identification tag was 6503 F. The number on the ice bucket when offered in evidence was 6508 F. Relative to the officer's testimony, he was unsure whether he initialed the ice bucket at the time it was taken into custody. He assumed he had, but even if he had his initials could easily have been obliterated during the interim between the time of seizure and the time of trial. Insofar as the municipal judge's testimony is concerned, he got the number in his notes from a third party who might well have misread the number. Moreover, the notes were precisely that—notes, and not a certified bill of exceptions.

Against these apparent discrepancies the officer who took the ice bucket into custody identified it as the one taken from 4110 John Creighton Boulevard. The officer who transported it to the Lutheran Medical Center identified it as one of the articles taken there. The chemist who made the test recognized it as the one tested. On this record, there is no clear abuse of discretion in the admission of the ice bucket into evidence.

Defendant's last assignment of error is that the trial court erred in overruling his motion for a judgment notwithstanding the verdict. Section 25-1315.02, R. R. S. 1943, outlining the procedure for a motion for judgment notwithstanding the verdict, is limited to civil proceedings. Chapter 29, article 21, R. R. S. 1943, covering motions for new trial and arrest of judgment,

details remedies dealing with criminal procedure after a verdict of guilty is entered in a criminal action.

For the reasons given, we find no merit in any of the defendant's assignments of error. The judgment is affirmed.

AFFIRMED.