STATE OF NEBRASKA, APPELLEE, V. BEVERLY J. HARRIS, APPELLANT.

352 N.W.2d 581

Filed July 20, 1984.   No. 83-909.

Bruce Dalluge of Morrissey & Morrissey, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired.

HASTINGS, J.

Defendant appeals from a conviction for being a minor in

possession of alcoholic liquor. The assignments of error set forth by the defendant can be summarized into the single issue of whether the evidence is sufficient to support the conviction.

The facts of the case are not disputed. While on routine patrol at night, the deputy sheriff spotted two stationary vehicles parallel to each other, 4 to 5 feet apart. The officer, who was approximately one block west of the vehicles, observed four to five individuals between the vehicles, but could not determine whether the individuals were drinking. Upon seeing the sheriff's vehicle all of the individuals hurriedly entered one of the vehicles and drove away. The deputy sheriff, being suspicious, followed the moving vehicle, and while doing so spotted beer cans on the ground where the remaining car was parked.

After stopping the moving vehicle approximately 10 to 12 blocks from the parked vehicle, the officer surveyed the vehicle with his flashlight and found a Budweiser cooler containing four cans of cold beer underneath the legs of one of the back seat passengers. At trial the officer testified that the driver of the car had a strong odor of alcohol on his breath and the eyes of the two back seat passengers "looked very glassy." The officer also testified that the passenger in the front seat next to the defendant was unruly and drunk.

The defendant was seated between the driver and another passenger in the front seat of the vehicle which was stopped. There is no testimony in the record of how the defendant arrived at the scene. There is no testimony that the defendant had been drinking or had appeared to have been drinking. Furthermore, the testimony of the officer makes it apparent that alcohol was not within the defendant's view or reach from the front seat. The defendant contends that the evidence is insufficient to establish knowledge or consciousness of actual or constructive possession.

It has consistently been the rule that knowledge and consciousness of possession of alcoholic liquor are essential elements of proof to support a conviction for a minor being in possession of alcoholic liquor. *State v. Embrey*, 188 Neb. 649, 198 N.W.2d 322 (1972); *State v. Reeder*, 183 Neb. 425, 160 N.W.2d 753 (1968); *State v. Eberhardt*, 176 Neb. 18, 125 N.W.2d 1 (1963). In *State v. Reeder, supra* at 427, 160 N.W.2d at

755, with regard to these elements, we said: "There is often, as here, very little direct evidence of knowledge and 'conscious possession.' Like intent, these elements remain hidden in the recesses of the human mind and must be proved by means of circumstantial evidence." The applicable rule which follows is that where circumstantial evidence is relied upon, the circumstances proven must relate directly to the guilt of the accused beyond all reasonable doubt. *State v. Evans*, 215 Neb. 433, 338 N.W.2d 788 (1983).

Ordinarily, when liquor, narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction, in the absence of any other reasonable explanation for its presence. *State v. Britt*, 200 Neb. 601, 264 N.W.2d 670 (1978); *State v. Torrence*, 192 Neb. 720, 224 N.W.2d 177 (1974); *State v. Rys*, 186 Neb. 341, 183 N.W.2d 253 (1971).

However, in this case the defendant was not the owner of the vehicle but a passenger riding in it. As a general rule, the mere presence of the minor passenger in a vehicle where alcohol is found is not sufficient by itself to convict the minor of possession. *State v. Eberhardt, supra; State v. Faircloth*, 181 Neb. 333, 148 N.W.2d 187 (1967).

In the case before us there is insufficient circumstantial evidence present to infer knowledge and conscious possession. The alcohol was not within the reach or view of the defendant, and no evidence is present to indicate the defendant had been drinking. In no way did the circumstances proven relate directly to the guilt of the accused beyond a reasonable doubt.

The motion of the defendant for a directed verdict should have been granted. Accordingly, we reverse the judgment and remand the cause with directions to dismiss the information.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.