STATE OF NEBRASKA, APPELLEE, V. KEVIN L. LAUE, APPELLANT.
402 N.W.2d 313

Filed March 20, 1987.   No. 86-733.

Thomas L. Morrissey of Morrissey, Morrissey & Dalluge, for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Kevin L. Laue, was charged by complaint in the county court for Johnson County, Nebraska, with possession of alcoholic liquor by a minor, in violation of Neb. Rev. Stat. § 53-180.02 (Reissue 1984). Laue, having previously pled not guilty, was tried by the court and found guilty as charged. He was sentenced to serve three consecutive weekends in the Johnson County jail and ordered to pay a $350 fine. Laue appealed to the district court for Johnson County, Nebraska, which affirmed the judgment of conviction but modified the sentence from three consecutive weekends to 7 consecutive days in jail.

While Laue enumerates three assignments of error, in fact there is but one issue on appeal. Laue's contention is that the evidence was insufficient to establish guilt beyond a reasonable doubt. For reasons more fully set out hereinafter, we believe that the evidence was sufficient, and the conviction and

sentence should be affirmed.

The record discloses that on November 8, 1985, local law enforcement officers in Johnson County, apparently suspecting that a party was to be held at a vacant farmstead and that minors in possession of alcohol would be present, obtained a search warrant. Among the authorities was Trooper Kenneth Miller, a member of the Nebraska State Patrol. Trooper Miller arrived at the premises at approximately 8:40 p.m. The farmhouse was located approximately 150 to 200 feet off the county roadway. Trooper Miller positioned himself on the lane between the vacant house and the roadway. As vehicles committed themselves to turning into the lane, the vehicles were stopped and identification documents were checked by the officers. No issue is raised about the validity of the warrant or the manner in which it was served, and that fact is therefore not before us in this case.

According to the testimony, perhaps as many as 10 vehicles turned into the farmstead before Laue's vehicle was stopped. Trooper Miller testified that he first observed Laue's vehicle when it was behind a vehicle that had committed itself to turning left into the driveway of the farmstead. After the vehicle traveling in front of his car was stopped, Laue proceeded to back his automobile away. Trooper Miller moved toward the vehicle and ordered Laue to stop. At this point Trooper Miller was some 20 to 30 feet from the driver's seat of Laue's vehicle. Notwithstanding the instruction to stop, the vehicle continued to back up "at a higher rate of speed." At that point Trooper Miller ran to his patrol car, which was located some 50 feet away and which had its engine running, and proceeded to pursue the Laue vehicle. The Laue vehicle backed up a distance of some 200 yards and then came to a stop, where it remained for a few seconds.

Trooper Miller testified that he "saw some motion going on on the driver's side of the vehicle," though he could not, because of the glare of the lights, describe it in any greater detail. At that point, Laue's vehicle proceeded to move back toward the patrol car. After stopping Laue's vehicle, Trooper Miller identified Laue as the sole occupant of the vehicle. The trooper then had Laue get out of his car and, together, they

walked back to the place where the vehicle had originally stopped. At that location Trooper Miller observed a paper sack with a bottle in it that was lying along the edge of the road. The bottle was a sealed bottle of Peachtree schnapps. Upon seeing the bottle, Trooper Miller said to Laue, "[I]t didn't quite make it to the ditch," to which Laue responded, "I guess I didn't get it far enough." Trooper Miller then confiscated the items found along the ditch, including the bottle of schnapps, as well as an open carton of Budweiser beer and an open can of Budweiser beer.

Trooper Miller further testified that after he had Laue follow him to the farmstead, he detected the odor of an alcoholic beverage coming from Laue.

Trooper Miller admitted on cross-examination that he never saw any of the alcoholic beverages in the hands, vehicle, or actual possession of Laue and further testified that a number of minors, some of whom had alcohol in their automobiles, were driving up the roadway. However, Trooper Miller testified that he did not see any of these other vehicles stop at or near the same location at which Laue stopped his vehicle and at which the alcoholic beverages were found. There was no question that Laue was a minor at the time the alleged offense occurred.

As we have already indicated, we believe that the evidence, although circumstantial, was nevertheless sufficient to sustain the conviction. That conclusion is reached in part upon the fact that we have consistently held that

> in determining the sufficiency of evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and a verdict made by the trier of fact must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

*State v. Goodon,* 219 Neb. 186, 188, 361 N.W.2d 537, 539 (1985). See, also, *State v. Kane,* 224 Neb. 245, 397 N.W.2d 628 (1986).

Furthermore, we have held that circumstantial evidence can be sufficient to sustain a conviction of a minor in possession in

violation of § 53-180.02. See, *State v. Harris*, 218 Neb. 75, 352 N.W.2d 581 (1984); *State v. Embrey*, 188 Neb. 649, 198 N.W.2d 322 (1972). When relying upon circumstantial evidence, it is not necessary for the State to disprove every hypothesis but that of guilt. One accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence establishes guilt beyond a reasonable doubt. See, *State v. Tate*, 222 Neb. 586, 385 N.W.2d 456 (1986); *State v. Wilkening*, 222 Neb. 107, 382 N.W.2d 340 (1986); *State v. Buchanan*, 210 Neb. 20, 312 N.W.2d 684 (1981).

And, further, we have recently held that circumstantial evidence is sufficient to support a conviction if such evidence and the reasonable inferences that may be drawn therefrom establish the defendant's guilt beyond a reasonable doubt. See *State v. Kane, supra.*

In the instant case there are present circumstances from which a rational inference of Laue's possession of alcoholic liquor could be deduced, thereby establishing guilt beyond a reasonable doubt. Laue was the sole occupant of the vehicle which Trooper Miller stopped. For no other apparent reason the vehicle quickly backed up, then came to a halt, then, again, moved forward following Trooper Miller's order to stop. At the location where the vehicle had momentarily come to a halt, a bottle of alcoholic liquor was found. And, when being told by Trooper Miller, "[I]t didn't quite make it to the ditch," Laue stated, "I guess I didn't get it far enough." It would not take much to deduce what Laue meant.

Laue has cited us to the case of *State v. Eberhardt*, 176 Neb. 18, 125 N.W.2d 1 (1963), wherein we reversed a conviction based upon circumstantial evidence. The facts, however, are not the same as in the instant case. In *Eberhardt* there were several occupants in the vehicle and no evidence that the defendant was aware that the alcohol was present in the vehicle. In reversing the conviction we said at 23, 125 N.W.2d at 4:

> There was no evidence that prior thereto the appellant knew or was conscious of its [the alcohol's] presence in the automobile. There is evidence of what might be regarded as somewhat equivocal responses to questions asked by the police officer, but none of them could be regarded as

admissions of consciousness or knowledge theretofore that the beer was in the automobile.

We do not believe the facts in this case are similar to *Eberhardt*. Laue's comments to Trooper Miller, combined with the facts, and the presence of the odor of an alcoholic beverage on his person, are evidence of knowledge. The trier of fact found the evidence sufficient. We have said that where a judge serves as the trier of fact in a criminal case, the factual findings will not be disturbed on appeal unless clearly wrong. See *State v. Moniz*, 224 Neb. 198, 397 N.W.2d 37 (1986). We are unable to say that the findings of fact in this case, under the evidence, were clearly wrong. For that reason the judgment of the court finding Laue guilty of the crime charged is affirmed.

AFFIRMED.