STATE OF NEBRASKA, APPELLEE, v. MICHAEL J. MASUR, APPELLANT.

432 N.W.2d 815

Filed December 16, 1988.    No. 87-1005.

Barbara Thielen, of Taylor, Fabian, Thielen & Thielen, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and ENDACOTT and QUIST, D. JJ.

BOSLAUGH, J.

After a trial to the court, the defendant, Michael J. Masur, was found guilty of possession of alcoholic liquor by a minor. He was fined $375 and sentenced to 45 days in the county jail. Upon appeal to the district court, the judgment was affirmed.

The defendant has appealed to this court and contends that

the evidence was not sufficient to sustain the finding of guilty, that the trial court erred in receiving testimony concerning the defendant's age and the registration of his automobile, and that the sentence imposed was excessive.

The record shows that a little after 10 p.m. on May 21, 1987, Thomas E. Sherman, the chief of police of Tecumseh, Nebraska, found the defendant sitting in the driver's seat of his automobile, which was parked in an alley. The door on the right side of the automobile was open, and Vance L. Whitwer was standing outside the automobile. When Sherman approached the defendant's vehicle, he saw a 12-pack box of Bud Light beer on the floor behind the front passenger's seat. The defendant's automobile is a midsize, two-door, brown Chevrolet. The front seat is a bench seat, but the back of the seat is divided and folds forward. The box contained three unopened cans of Bud Light beer. A third person who had been a passenger in the defendant's vehicle was also at the scene.

Sherman testified that he determined the defendant's birth date, June 6, 1968, from a file on the defendant kept in Sherman's office.

Michael L. McDonald, a police officer, was called to the scene of the arrest. McDonald testified that he was familiar with the defendant and the defendant's operation of his vehicle in Tecumseh. In connection with an offense subsequent to May 21, 1987, McDonald verified from the registration records that the defendant's automobile was registered in the name of the defendant as owner. McDonald also testified that the defendant stated that the beer did not belong to him, and one of the other boys stated that the beer did not belong to the defendant.

In determining the sufficiency of evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and a finding of guilty made by the trier of fact must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. State v. LynCook, 227 Neb. 719, 419 N.W.2d 686 (1988).

Knowledge and consciousness of possession are essential

elements of the crime of possession of alcoholic liquor by a minor. *State v. Reeder*, 183 Neb. 425, 160 N.W.2d 753 (1968). The fact of possession may be proved by circumstantial evidence. *State v. Laue*, 225 Neb. 57, 402 N.W.2d 313 (1987).

> Ordinarily, when liquor, narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction, in the absence of any other reasonable explanation for its presence. *State v. Britt*, 200 Neb. 601, 264 N.W.2d 670 (1978); *State v. Torrence*, 192 Neb. 720, 224 N.W.2d 177 (1974); *State v. Rys*, 186 Neb. 341, 183 N.W.2d 253 (1971).

*State v. Harris,* 218 Neb. 75, 77, 352 N.W.2d 581, 582 (1984).

In *State v. Embrey,* 188 Neb. 649, 198 N.W.2d 322 (1972), four minors were convicted of possession of alcoholic liquor. At the time the automobile which was being operated by Richard L. Grovijohn was stopped, the defendants Embrey and Schlecht were passengers in the automobile. In affirming the convictions we said at 651-52, 198 N.W.2d at 324:

> The defendants contend that the evidence is insufficient to establish knowledge or consciousness of actual or constructive possession of the beer except as to Darrell Bunn, who bought it, and Richard Grovijohn, the driver in control of the car. We cannot agree. The evidence established that all four of the defendants had gone to a party together earlier in the evening. The car occupied by the defendants was parked in an alley behind a bar and Officer Petz watched while defendant Bunn got in the car carrying the beer. When the defendants came out of the alley, they attempted to avoid the patrol cruiser. The Grovijohn car was a two-door car and the beer was on the floor of the back seat when the officers removed it a few minutes later. At the time the officers stopped the car on the highway and during the proceedings there, one or both of the officers testified that they smelled alcohol on the breath of each of the defendants, although the beer in the car had not been opened. While the defendants' testimony

tended to disavow knowledge of actual or constructive possession, nevertheless the evidence was sufficient to establish knowledge and consciousness of possession, and to sustain the verdict of guilty. See State v. Reeder, 183 Neb. 425, 160 N.W.2d 753.

The evidence in this case was largely uncontroverted. The defendant offered no evidence other than Whitwer's plea of guilty to possession of alcoholic liquor by a minor on the date in question.

In this case the beer in question was in a box clearly labeled, in large letters, "BUD LIGHT." The box was on the floor of the rear seat of the defendant's automobile, well within his reach from the driver's seat. In that respect the evidence is somewhat similar to the evidence in State v. Reeder, supra. We find the evidence was sufficient to support the finding of guilty.

The testimony of the chief of police as to the defendant's age was based upon information that the witness had obtained on prior occasions and recorded in a file which he maintained in his office. He further testified that this date appeared on the defendant's driver's license.

"The admission or exclusion of evidence is a matter within the sound discretion of the trial court and will be upheld absent an abuse of discretion." State v. Ryan, 226 Neb. 59, 90, 409 N.W.2d 579, 598 (1987). We find no abuse of discretion in regard to the receipt of this evidence.

Unlawful possession of alcoholic liquor by a minor is a Class III misdemeanor, with a maximum penalty of 3 months' imprisonment and a fine of $500. The defendant has a history of prior offenses, including convictions for the same offense on December 5, 1985, and February 26, 1987. In view of the circumstances, the sentence imposed was not an abuse of discretion.

"[A]n order denying probation and a sentence imposed within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion . . . ." State v. Evans, 215 Neb. 433, 444-45, 338 N.W.2d 788, 795 (1983).

The judgment is affirmed.

AFFIRMED.