STATE OF NEBRASKA, APPELLEE, V. DANIEL M. HARNEY,
APPELLANT.
466 N.W.2d 540

Filed March 8, 1991.    No. 90-131.

William B. Zastera, Otoe County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

SHANAHAN, J.

Before trial, Daniel M. Harney moved to suppress physical evidence because, as Harney contended, the officers' search of

and obtaining evidence from a vehicle driven by Harney were unreasonable, since the search was not incident to a lawful arrest. After Harney's suppression motion was overruled, a jury in the district court for Otoe County convicted Harney of possessing a controlled substance, lysergic acid diethylamide (LSD), a violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1988), which provides in part: "A person knowingly or intentionally possessing a controlled substance [e.g., LSD] shall be guilty of a Class IV felony."

On July 28, 1989, Brian Torrence, an officer in the police department for the city of Syracuse, Nebraska, was working the night shift. Around midnight, on patrol in his cruiser, Torrence observed a van being driven erratically; stopped the van; and asked that the van's driver, later identified as Harney, display an operator's license and registration for the van. During this episode, Torrence detected the odor of alcohol on Harney's breath and noticed that Harney's eyes were "glassy and watery." Torrence requested that Harney get out of the van for field sobriety tests. Harney's movement was "in kind of a staggered manner." In response to Torrence's radio call for assistance, two deputies of the Otoe County Sheriff's Department arrived and assisted in administration of Harney's field sobriety tests, which resulted in Torrence's arresting Harney for drunk driving. Torrence then transported Harney to a local hospital to determine the concentration of alcohol in Harney's urine. See Neb. Rev. Stat. § 39-669.07(4) (Reissue 1988).

While Torrence was at the hospital with Harney, the sheriff's deputies inventoried the contents of Harney's van and found a silver container and an unlabeled "pill bottle," both of which contained a substance later determined to be LSD.

In Harney's jury trial, and over his objection, the court gave instruction No. 9: "Possession of a controlled substance or contraband materials can be shown by evidence of a controlled substance or contraband materials being found in an automobile possessed and operated by the defendant, in the absence of any other reasonable explanation for its presence." Additionally, the court instructed that Harney was presumed innocent until proved guilty beyond a reasonable doubt and that the burden of proof concerning all elements of the crime,

including possession of the LSD, remained with the State and never shifted to Harney. The jury found Harney guilty of possessing LSD.

## JURY INSTRUCTIONS

As one of his assignments of error, Harney claims that instruction No. 9 placed on him the burden to explain the presence of LSD in the van and, therefore, shifted the burden of proof by requiring Harney to disprove the "possession" element of the crime charged.

"In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant." *Rose v. City of Lincoln*, 234 Neb. 67, 74, 449 N.W.2d 522, 528 (1989). Accord *Jensen v. Archbishop Bergan Mercy Hosp.*, 236 Neb. 1, 459 N.W.2d 178 (1990). See, also, *State v. Juhl*, 234 Neb. 33, 45-46, 449 N.W.2d 202, 211 (1989):

> With the exception of an erroneous admission or exclusion of evidence, a defendant, as the appellant claiming reversible error in a criminal case, must demonstrate that a trial court's conduct, whether action or inaction during the proceeding against the defendant, prejudiced or otherwise adversely affected a substantial right of the defendant.

"The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976). "The presumption of innocence in favor of the accused is a fundamental component of the due process right to a fair and impartial trial." *U.S. v. Apodaca*, 843 F.2d 421, 430 (10th Cir. 1988). Due process in a criminal case requires that the prosecution prove, beyond a reasonable doubt, every factual element necessary to constitute the crime charged against a defendant. *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990).

Under instruction No. 9, Harney's possession of a controlled substance was established by presence of LSD in the van

operated by Harney "in the absence of any other reasonable explanation for [the LSD's] presence." Thus, the instruction informed the jury that Harney's possession of LSD was factually established by mere presence of the controlled substance within the van operated by Harney unless he supplied a "reasonable" explanation for the LSD's presence in the vehicle. Moreover, pursuant to instruction No. 9, unless Harney provided a plausible explanation concerning the LSD within the van, the jury could properly conclude that the State had proved that Harney criminally possessed the controlled substance. "A defendant possesses a controlled substance when the defendant knows of the nature or character of the substance and its presence and has dominion or control over the substance." *State v. Lonnecker, ante* p. 207, 213, 465 N.W.2d 737, 742 (1991). According to instruction No. 9, the jury was authorized to disregard the presumption of Harney's innocence in the crime charged and, further, was warranted in concluding that Harney's criminal possession of LSD was established beyond a reasonable doubt, notwithstanding that the State had the burden throughout Harney's trial to show that Harney knew the nature or character of the substance found in the van, knew about the presence of the LSD within the van, and had dominion or control over the LSD. While a controlled substance's presence in a vehicle operated by a defendant may be a circumstance tending to prove the defendant's knowledge concerning presence of a controlled substance and dominion or control over the substance, cf. *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990), the absence of a defendant's reasonable or plausible explanation for the presence of a controlled substance does not establish the defendant's illegal possession of the substance. Instruction No. 9 not only permitted disregard for the presumption of Harney's innocence in the crime charged, but also effectively shifted the burden to Harney for an explanation to disprove possession and relieved the State from its burden to prove, beyond a reasonable doubt, that Harney knew about the LSD and controlled that illegal substance.

Although the State may suggest that instruction No. 9, read with the instructions on the presumption of innocence and the

State's burden of proof, is not prejudicial, we have stated: "All instructions, read conjunctively, must correctly state the law, adequately state the issues, and not mislead the jury." *State v. Pierce*, 231 Neb. 966, 975, 439 N.W.2d 435, 443 (1989). In Harney's case, to give lip service to the State's burden of proof and require that a defendant disprove, or at least explain, some of the State's evidence is misleading to a jury and would undoubtedly be a source of confusion to the jury, namely, a fact proved through the absence of proof from the defendant.

In light of instruction No. 9, the unexplained presence of LSD factually established Harney's possession of the controlled substance. In sum and substance, by instruction No. 9, the court directed a verdict for the State, namely, Harney's lack of an explanation for the LSD established possession of that controlled substance. As a result of the constitutional guarantee of due process, including the presumption of innocence and the State's burden of proof beyond a reasonable doubt, a verdict cannot be directed against the defendant in a criminal case. *Sandstrom v. Montana*, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977); *Brotherhood of Carpenters v. U.S.*, 330 U.S. 395, 67 S. Ct. 775, 91 L. Ed. 973 (1947); *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990).

Instruction No. 9 is inconsistent with the presumption of innocence which may be overcome by evidence of guilt beyond a reasonable doubt. Also, instruction No. 9 substitutes a lack or absence of an explanation by a defendant as proof in place of the State's requisite proof on the element of possession in the crime charged. Therefore, instruction No. 9 deprived Harney of a fair trial required under the constitutional guarantee of due process in the trial of a criminal case.

The phrase "in the absence of any other reasonable explanation for its presence," contained in instruction No. 9, was initially expressed in *State v. Rys*, 186 Neb. 341, 346, 183 N.W.2d 253, 256 (1971), a case involving a defendant minor's possession of alcohol found in the automobile driven by the defendant, when this court stated:

> Defendant has offered no explanation of the presence of the bottle of whiskey in his automobile. . . . Ordinarily,

when liquor, narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation for its presence.

The State points out that the preceding language "in the absence of any other reasonable explanation for its presence" was approved in several Nebraska decisions after *Rys*, for example, *State v. Torrence*, 192 Neb. 720, 224 N.W.2d 177 (1974); *State v. Britt*, 200 Neb. 601, 264 N.W.2d 670 (1978); *State v. Harris*, 218 Neb. 75, 352 N.W.2d 581 (1984); *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988); and *State v. Friend*, 230 Neb. 765, 433 N.W.2d 512 (1988). Error, inveterate and persistently recurrent, is, nonetheless, error. We cannot constitutionally approve or sustain an instruction which requires that a defendant prove innocence by a plausible or reasonable explanation for the presence of a controlled substance or other contraband in relation to the defendant or which relieves the State from its burden to prove possession in a possessory crime charged against a defendant. Consequently, we now explicitly disapprove of "the absence of any other reasonable explanation for [a substance's or contraband's] presence" in an instruction pertaining to a possessory crime or as a circumstance tending to establish a defendant's unlawful possession of a substance or contraband in a possessory crime charged against the defendant.

Since instruction No. 9 prevented a fair trial in Harney's case, we reverse and set aside Harney's conviction.

However, there are other aspects of Harney's case which may recur if Harney is retried. For that reason, we consider some of Harney's other assignments of error.

## PROSECUTORIAL MISCONDUCT

During a verbal exchange involving the court and counsel, in the jury's hearing, the prosecutor remarked that Harney had filed a motion to suppress physical evidence. After the jury was excused, Harney's lawyer requested a mistrial, which was refused. A suppression motion, and a court's disposition of that motion, are irrelevant information in a jury's factfinding

function. Since we have already set aside Harney's conviction, we are not obliged to consider whether the prosecutor's conduct justified a mistrial, and we are reasonably confident that in the event of Harney's retrial, there will be no reference in the jury's hearing regarding Harney's suppression motion.

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

Officer Torrence became a member of the Syracuse Police Department in March 1989 and, therefore, had been a Syracuse police officer for 4½ months when he stopped Harney's van. Torrence was scheduled to enter the Nebraska Law Enforcement Training Center in January 1990 for the training program available to Nebraska law enforcement officers. Consequently, at the time of the encounter with Harney, Torrence did not hold a certificate evidencing satisfactory completion of a course for law enforcement officers, namely, a certificate issued by the Nebraska Law Enforcement Training Center. See Neb. Rev. Stat. §§ 81-1401 et seq. (Reissue 1987).

Harney argues that while the deputy sheriffs' search of the van may be characterized as a permissible warrantless search incident to an arrest, see *New York v. Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981), or an inventory search, see *Colorado v. Bertine*, 479 U.S. 367, 107 S. Ct. 738, 93 L. Ed. 2d 739 (1987), Torrence's lack of a certificate under § 81-1414 disqualified Torrence from status as a law enforcement officer and thereby rendered Harney's arrest unlawful, resulting in an unreasonable search pursuant to Harney's unlawful arrest.

Section 81-1414 provides in relevant part:

> On and after January 1, 1972, no person shall receive appointment as a law enforcement officer unless he has been awarded a certificate by the commission attesting to his satisfactory completion of the minimum curriculum of the training center as established by the commission or has been awarded a certificate attesting to his satisfactory completion of a training program which the commission finds equivalent thereto. Any person who has not been awarded such a certificate may receive an appointment conditioned on his satisfactory completion of such training within one year from the date of his appointment.

If such training is not completed within one year, his employment shall not be renewed by appointment or otherwise.

Whatever else may be the objectives, effects, and ramifications of the statute, in the context of Harney's case, a certificate for satisfactory completion of a training program relative to § 81-1414 is not a condition precedent to a police officer's execution of official duties as a law enforcement officer. Hence, § 81-1414 is inapplicable to Harney's case and did not serve as a proper basis for a suppression motion.

## CONCLUSION

Since the district court erroneously instructed the jury, Harney's conviction is reversed, and this matter is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.