STATE OF NEBRASKA, APPELLEE, v. WILL H. JEFFERSON, JR., APPELLANT.

242 N. W. 2d 881

Filed June 9, 1976. No. 40413.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an appeal from a robbery conviction. The defendant, who was 22 years of age at the time, and his 15-year-old brother Tommy Lee Williams followed the victim's automobile for some distance and into the parking lot of the Keystone Pharmacy in Omaha, Nebraska. The victim was there assaulted and her white purse stolen. The only assignment of error is the refusal of the court to suppress evidence regarding the purse. Two questions are presented. Were the officers justified in stopping defendant's automobile and was the seizure of the purse legally authorized? We affirm the judgment of the District Court.

The robbery occurred after dark in a restricted curfew area which had sustained extensive damage from a recent tornado. Two police detectives patrolling the area saw the defendant's automobile leave the Keystone Pharmacy parking lot with its lights off, without stopping for traffic, and proceed west for a block or two where it made an illegal U-turn and then proceeded east. It could have crossed and proceeded east directly in front of the parking lot. The defendant's automobile caught up with the officer's automobile at a stoplight. The defendant and Williams were both convicted felons and defendant was known to one of the officers. De-

fendant was operating the automobile on in-transit tags. The officers knew that defendant and his brother did not reside in the restricted area. They also observed that the passenger Williams appeared to be examining something in his lap. The officers became suspicious and stopped defendant's automobile to check out its occupants. The two men lied to the officers regarding where they had been or came from. The officers had seen the defendant's automobile in the area of the Keystone Pharmacy and knew the statements were false. While one of the officers was talking to the defendant, the officer, through the open door on the passenger's side, observed white leather straps protruding from under the front seat. On bending over he ascertained that the straps were part of a lady's white leather purse. The officer picked up the purse and asked the defendant who it belonged to. Defendant said it was his sister's but did not know her name. The officer examined the purse for identification. It was then ascertained by radio that a robbery had occurred at the Keystone Pharmacy and that the victim's name agreed with the name on identification cards found in the purse. There is additional conclusive evidence of guilt but it is not material on the questions in issue.

Was the stop of defendant's automobile justified? " 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. * * * A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. * * *.' " State v. Brown, 195 Neb. 321, 237 N. W. 2d 861. See, also, Adams v. Williams, 407 U. S. 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612. Under all the facts, we conclude that the stop was legally reasonable and valid.

Was the seizure and search of the purse constitutionally justified?  The purse was in the plain view of the officer and was discovered inadvertently while the officer was talking with the defendant.  A review of the factors motivating the actions of the officers discloses probable cause to believe the purse had been stolen.  When first observed the defendant and Williams were apparently in a hurry to get away from the Keystone Pharmacy parking lot.  They did not wait for traffic to clear so that they could cross the westbound lane and proceed east.  Instead, they darted out into the westbound lane and made an illegal U-turn.  They were in a restricted curfew area damaged by a recent tornado and subject to possible looting, apparently with no reason for their presence there.  Defendant was known to one of the officers to be a felon and denied having been in the vicinity of the pharmacy.  Williams was seen examining something in his lap and when stopped, the purse was found pushed under the seat, not on a seat where it would normally be placed if there was no reason to conceal it.  The defendant claimed it was his sister's but professed not to know her name and within a couple of minutes it was definitely found to be a stolen purse.  The entire sequence of events constituted one continuous, related transaction.  There were exigent circumstances attendant as is normally the case where vehicles moving on public thoroughfares are concerned.  As indicated in Adams v. Williams, *supra,* the suspicious circumstances demanded investigation by conscientious officers.

It is often impossible for a police officer to *know* that property discovered has been stolen.  In arriving at that conclusion he can judge only on the facts as he knows them.  "In evaluation of the reasonableness of a search or seizure without warrant it is imperative that the facts be judged against an objective standard: Would the facts available to the officer at the moment of the search or the seizure warrant a man of reason-

able caution in the belief that the action taken was appropriate? \* \* \*

"Objects falling in the plain view of a peace officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." State v. Dillwood, 183 Neb. 360, 160 N. W. 2d 195. See, also, Coolidge v. New Hampshire, 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564. The standard for determining probable cause for search and seizure is practical and not technical. See State v. Dillwood, *supra.*

The judgment of the District Court is affirmed.

AFFIRMED.