STATE OF NEBRASKA, APPELLEE, V. BEN GOODON, APPELLANT.

361 N.W.2d 537

Filed February 1, 1985.   No. 84-546.

Earl D. Ahlschwede of Ahlschwede & Truell, for appellant.

Paul L. Douglas, Attorney General, and Timothy E. Divis, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Krivosha, C.J.

The appellant, Ben Goodon, was charged in the county court for Hall County, Nebraska, with assault in the third degree in violation of Neb. Rev. Stat. § 28-310(1) (Reissue 1979). After trial to the court Goodon was found guilty as charged and was fined $100. On appeal to the district court for Hall County, the conviction and fine were affirmed. It is from that conviction and fine that Goodon now appeals to this court. Goodon's assignment of error is essentially that the evidence was insufficient to sustain the conviction. We believe that the assignment is without merit and that the conviction and fine should be affirmed.

Section 28-310(1) provides as follows: "A person commits the offense of assault in the third degree if he: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; *or* (b) Threatens another in a menacing manner." (Emphasis supplied.) Either act is sufficient to constitute a violation of the statute, and no degree of bodily injury is required under subpart (a).

The evidence discloses that Goodon and the complainant apparently lived together until approximately August of 1983, when they separated. Complainant testified that on the night of February 11, 1984, Goodon came to her apartment, initiated an argument, and, during the course of the argument, pushed her onto her bed. He further threatened to kill her if he caught her with another man.

The complainant further testified that sometime after this argument, while she was crossing the street, Goodon drove his car so close to her that he barely hit the back of her leg. The complainant then started running across a parking lot; Goodon drove his car between her and the lounge where she was heading, got out of his vehicle, grabbed her by her collar, shook her, and again said that he would kill her if he caught her with another man or if she went into the lounge. Goodon denied any contact with the complainant. That matter, of course, was a question of fact to be determined by the trial court, and will not

be reconsidered by us on appeal. We have frequently and regularly held that in determining the sufficiency of evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and a verdict made by the trier of fact must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. See, *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984); *State v. Jones*, 217 Neb. 435, 350 N.W.2d 11 (1984); *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984); *State v. Johnsen*, 197 Neb. 216, 247 N.W.2d 638 (1976); *State v. Brown*, 195 Neb. 321, 237 N.W.2d 861 (1976); *State v. Spidell*, 194 Neb. 494, 233 N.W.2d 900 (1975).

The question, then, is not whether this court should believe the testimony of the complainant but whether, if the testimony of the complainant is believed, it is sufficient to constitute a violation of § 28-310. We believe it is.

To begin with, there is no question that Goodon threatened the complainant in a menacing manner in violation of subpart (b) of the statute. Goodon argues that while that all may be true, he was not charged with violating subpart (b) of the statute. We do not believe that to be the case. The complaint specifically alleges that Goodon "intentionally, knowingly, or recklessly caused bodily injury to [complainant] in that he did grab [complainant], shake her *and* threaten to kill her; contrary to the form of the Statutes in such cases made and provided . . . ." (Emphasis supplied.) There can be no question that Goodon was advised that he was being charged with both subpart (a) and subpart (b) of § 28-310. This alone would be sufficient to sustain the conviction.

Furthermore, the evidence is sufficient to establish that Goodon did cause bodily injury by pushing and hitting the complainant. While, admittedly, the acts did not cause any serious bodily injury, the statute does not require serious bodily injury, but only bodily injury. It seems clear beyond question that if one is struck in the leg with an automobile, no matter how minor that may be, that such striking causes some bodily injury. Bodies are simply not designed to be struck intentionally

by automobiles. On either ground, that he threatened to kill the complainant or cause bodily injury to her, the evidence was sufficient to sustain the conviction. The judgment is affirmed.

AFFIRMED.