STATE OF NEBRASKA, APPELLEE, v. LAWRENCE A. THOMAS, APPELLANT.

462 N.W.2d 618

Filed November 16, 1990.   No. 89-1295.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Robert M. Spire, Attorney General, and Wynn Clemmer for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Lawrence A. Thomas appeals his jury conviction of robbing Susan Francke in a Target department store parking lot in Omaha, for which he received a sentence of 5 to 10 years' imprisonment. We affirm.

The defendant, Thomas, assigns as error that the evidence is so lacking in probative force that it is insufficient as a matter of law to support his conviction. In arguing his assignment of error, Thomas focuses on the victim's identification of him as the perpetrator of the robbery.

The evidence is uncontroverted that shortly after 2:30 p.m. on February 15, 1989, Francke was robbed of her purse; money; a traveler's check; blank checks, one of which was later forged; and other valuables when she was unlocking her car after making a purchase at Target. The evidence is also uncontroverted that Francke's attention was directed to the robber when he was near the rear of her car and said, "Hi, how are you?" The victim replied, "Fine," but she became apprehensive that he was after her purse. She looked at the robber closely. He came closer, grabbed the strap of Francke's purse, and fled. When the robber realized that the strap had broken from the purse and that Francke still had her purse, he returned. A struggle ensued, and the robber fled with the victim's purse and its contents. During the struggle, the robber pushed Francke and yelled obscenities at her. She became "scared." She testified that her purse was taken from her by force and violence.

After the robber grabbed Francke's purse, he fled from the Target parking lot and proceeded across the street to a gas

station about a block away. Francke testified that the robber left the gas station in an older off-colored green four-door automobile. As stated, the foregoing evidence was unchallenged.

The victim returned to the Target store, and Omaha police were summoned. The victim described the robber as a male, 5 feet 7 inches or 5 feet 8 inches in height, about 165 pounds, 25 to 27 years old, and wearing jeans and some type of jacket. That evening, in order to make a record for herself, Francke, who used art in her employment, sketched the robber's face and listed his description. Francke's robber was not included in a photo array presented to her that evening. However, the next day, when another photo lineup, including the defendant's photo, was presented to her, she readily recognized Thomas as the robber. She asked police to arrange a physical lineup so that she could verify Thomas' height and weight. Nine days later a physical lineup was arranged, and she again identified Thomas as the robber. Francke also identified Thomas as her robber at his trial.

The defendant became a suspect in Francke's robbery after one of the checks from Francke's purse was forged and presented at a liquor store about 5:30 p.m. on February 15. The person had arrived at the liquor store in a beige-colored automobile. Police interviewed two friends of Thomas' in connection with the check incident and initially arrested one of them for the Francke robbery; however, neither the victim nor a witness who testified could identify him as the robber. Thereafter, Thomas was arrested and charged with robbing Francke.

Lillie Jenkins, an eyewitness to the robbery, corroborated Francke's testimony that the robbery took place in the Target parking lot. She also saw the robber flee to the gas station described by Francke. Jenkins testified she saw the robber leave the gas station in an automobile which she described as having a dark-green top and lighter green body. Shortly after the robbery, Jenkins observed the same two-tone green automobile traveling on the street at another location. She observed that two men were in the car and that the passenger had a gold tooth. The evidence reflects that Thomas had a gold tooth and that

one of the men whom police interviewed about the check forgery also had a gold tooth. Jenkins testified that she did not get a good enough look at the robber to identify him, nor could she identify the man in the two-tone green car because she just glanced at him and the car. Neither Jenkins nor another witness could identify Francke's robber in photo arrays.

The defendant's wife, Margie Thomas, who admitted she had been convicted twice previously for giving false information to the police, testified that neither she nor her husband was employed. Mrs. Thomas claimed that she and her husband spent their days together at home without leaving. She testified that the defendant had been home with her all day on February 15, 1989. The defendant's wife testified that one of the men who were interviewed by the police in connection with the check forgery had dropped by the Thomas home and asked to store his car in their garage because it was "hot." The man owned a two-tone light- and dark-green older Cadillac Seville, according to the defendant's wife. However, when Mrs. Thomas left to pick up her child from school, the man drove away in a beige-colored car. Mrs. Thomas testified that after she returned from school with her child, both of the men whom the police interviewed in connection with the check forgery were visiting with her husband. They were all friends. Mrs. Thomas testified that one of her husband's friends asked her to pass a "lady's" check, which she refused to do.

On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative value as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990). See *State v. Brown*, 225 Neb. 418, 405 N.W.2d 600 (1987). Moreover, in determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. *State v. Reynolds, supra*; *State v. Brown, supra*.

In this case, the jury chose to believe and give more weight to the testimony of the State's witnesses than to the testimony of Thomas' wife. There was sufficient relevant evidence from which the jury could find beyond a reasonable doubt that Thomas was the person who robbed Francke. Thomas' assignment of error has no merit.

Thomas argues that the sentence imposed upon him is excessive. We do not reach that issue because there was no assignment of error challenging the sentence. We reiterate that the Supreme Court will consider only those errors which are assigned and discussed. *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990); *State v. Garcia*, 235 Neb. 53, 453 N.W.2d 469 (1990); Neb. Ct. R. of Prac. 9D(1)d (rev. 1989). See Neb. Rev. Stat. § 25-1919 (Reissue 1989).

AFFIRMED.