STATE OF NEBRASKA, APPELLEE, V. CHRIS LOHMAN, APPELLANT.

466 N.W.2d 534

Filed March 8, 1991.   No. 89-1357.

Dean S. Forney, Box Butte County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

After a jury trial, defendant, Chris Lohman, was convicted of conspiracy to commit theft by deception. His trial was consolidated with that of Michelle Bisby, codefendant and alleged coconspirator. She was also convicted of the same crime. Defendant timely appealed to this court, assigning three errors. Defendant contends that the trial court erred (1) in determining there was sufficient evidence "to find the Defendant guilty beyond a reasonable doubt," (2) in giving instruction No. 4, and (3) in imposing an excessive sentence. We affirm.

The record shows that on January 21, 1989, defendant examined a VCR for possible purchase at the K Mart store in Alliance, Nebraska. On January 22, 1989, at approximately 11

a.m., defendant returned to the K Mart store and purchased the VCR, giving in payment his check in the amount of $449.84.

On the same day, at approximately 3:10 p.m., Bisby, defendant's girl friend and the mother of defendant's child, returned the VCR in the unopened box to the K Mart store and received $449.84 in cash from the store.

Approximately 1 week later, defendant's check was returned to K Mart by the bank. The check was marked by the bank as "Signature Irregular." Other testimony showed the check was insufficient, in that defendant had $38.37 in his bank account on the day of the purchase.

Much of the foregoing was uncontradicted, but defendant did testify that he had not purchased the VCR. Defendant's brother, who was brought to the courthouse from Lincoln, where the brother was serving time in the Nebraska Penal Complex for an unrelated crime, testified that he, not defendant, had purchased the VCR with a check stolen from defendant. Defendant testified he knew nothing about the purchase. Bisby testified that she had indeed returned the VCR and obtained the money, but that she knew nothing about any conspiracy, that she could not remember whether defendant or his brother asked her to return the merchandise, and that she could not remember whether she gave the money she obtained from K Mart to defendant or to defendant's brother.

In considering defendant's first assignment of error, the law is clear. When reviewing the sufficiency of the evidence to support a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence. These are all matters for the jury, and a conviction must be sustained if, viewing the evidence in the light most favorable to the State, there is sufficient evidence to support the conviction. *State v. Johnson*, 236 Neb. 831, 464 N.W.2d 167 (1991); *State v. Thomas*, 236 Neb. 568, 462 N.W.2d 618 (1990).

In this case, the evidence is more than sufficient to support defendant's conviction. Defendant's first assignment is without merit.

Defendant next contends that the trial court erred when

instruction No. 4 was given to the jury. We first note that no objection was made to the instruction, and the law is clear that failure to object to an instruction after it has been submitted to counsel for review will preclude raising an objection on appeal absent plain error indicative of a probable miscarriage of justice. *State v. Lenz*, 227 Neb. 692, 419 N.W.2d 670 (1988); *State v. Ryan*, 226 Neb. 59, 409 N.W.2d 579 (1987). Defendant did not request the court to clarify the instruction, and there was no objection made. On that ground, there was no error in giving the instruction.

Defendant correctly states, however, that a trial court, whether requested or not, must instruct the jury on the law of the case, and the failure to do so constitutes reversible error. *State v. Pierce*, 231 Neb. 966, 439 N.W.2d 435 (1989); *State v. Lenz, supra*. Consequently, we have examined the instruction. The pertinent part of instruction No. 4 states:

> (1) That Chris Lohman and Michelle L. Bisby, with intent to facilitate the commission of the felony crime of theft by deception did, on or about January 22, 1989, in Box Butte County, Nebraska, agree with each other to cause the crime of theft by deception of $449.84 to be committed . . . .

Defendant contends that this instruction is erroneous because the Nebraska proposed criminal jury instructions state that to be guilty of conspiracy, a defendant must agree "with at least one other person to cause" the crime. NJI2d Crim. 3.4 (proposed May 1989). Defendant has assumed the far out position that because the court's instruction required the jury to find that the two conspirators agreed "with each other," the instruction was erroneous. Defendant's position is without merit. The court's instruction may have placed a greater burden on the State than defendant's suggested instruction might require, but how defendant concludes that is unfair to defendant is not understandable. The instruction clearly and precisely sets out the law of the case in question and properly reflects the information filed. Defendant's second assignment is without merit.

Defendant's third assignment—that the sentence is excessive—is similarly without merit. Defendant was charged

with a Class IV felony, for which the penalty is 0 to 5 years' imprisonment, plus a possible fine. Defendant was sentenced to 18 months' imprisonment in the penal complex, with credit for 2 days spent in custody. A criminal sentence imposed within the limits prescribed by statute will not be set aside absent an abuse of discretion by the sentencing judge. *State v. Boppre*, 234 Neb. 922, 453 N.W.2d 406 (1990). The trial court did not abuse its discretion in this case.

AFFIRMED.