STATE OF NEBRASKA, APPELLEE, v. LARRY A. BRIGHT, APPELLANT.
470 N.W.2d 181

Filed June 7, 1991.    No. 90-573

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Robert J. Cashoili, Deputy Hall County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant, Larry A. Bright, appeals from guilty verdicts on two counts of criminal nonsupport of his minor children, pursuant to Neb. Rev. Stat. § 28-706(1) (Cum. Supp. 1988), and the concurrent sentences of 1 year's imprisonment on each count. Defendant appeals, assigning as error the failure of the trial court to direct a verdict of not guilty at the close of the State's case in chief and the excessiveness of the sentences. We affirm.

Section 28-706(1) provides as follows: "Any person who intentionally fails, refuses, or neglects to provide proper support which he or she knows or reasonably should know he or she is legally obliged to provide to a spouse, minor child, minor stepchild, or other dependent commits criminal nonsupport."

The defendant and Christine (Bright) Peterson were married from 1971 to 1983. Two children were born of this marriage on August 7, 1971, and July 17, 1974. Pursuant to a decree of dissolution entered on May 11, 1983, defendant was ordered to pay child support in the amount of $125 per month per child until each child reached the age of 19 years.

The information in this case was filed on November 9, 1989, alleging that from January 1 to June 23, 1989, the defendant intentionally failed, refused, or neglected to provide proper support to each of his children.

The decree of dissolution noted that at the time of its entry, defendant was unable to be employed due to an asthmatic condition. From January 1 through March 16, 1989, the defendant paid $200 in child support. As of February 28, 1990, the defendant was in arrears on his child support obligation in the sum of $16,934.09.

According to the testimony of Peterson, she had a telephone conversation with the defendant on about January 21, 1989. She was told by the defendant that he was working for Quick Courier Company out of Pennsylvania and he did not want to have to pay child support. He told her that he had supported the children for 12 years and that now it was her turn.

During phone calls in February of that same year, as testified to by Peterson, defendant acknowledged that he made about

$2,000 per month, but said that his living expenses were very high.

Peterson also testified that there were additional telephone conversations, one in March, two in April, two in May, one in June, and two in July. Each time the issue of child support was discussed. Peterson asked that he at least pay something. Defendant's reply was that Peterson should quit bothering him because he did not want to have to give up any of his income. He said he was not about to work just so she could get his money.

Peterson's husband, Robert, testified as to two or three phone conversations he had with the defendant in January 1989, and one in March. The substance of those conversations was that defendant claimed he was not going to pay Peterson any money because he did not think he owed it. However, Peterson's husband testified to another conversation in which he claimed that defendant said he was going to be able to get some money when a "buddy" of his sold some land in Arizona and that he, the defendant, would pay $3,000 on back child support so he could stay out of jail.

In a criminal case a court can direct a verdict only when (1) there is a complete failure of evidence to establish an essential element of the crime charged, or (2) evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained. *State v. Valdez*, 236 Neb. 627, 463 N.W.2d 326 (1990).

When reviewing the sufficiency of the evidence to support a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence. These are all matters for the jury, and a conviction must be sustained if the evidence, viewed in the light most favorable to the State, is sufficient to support the conviction. *State v. Lohman*, 237 Neb. 503, 466 N.W.2d 534 (1991).

In the context of a criminal statute such as § 28-706, "intentionally" means willfully or purposely, and not accidentally or involuntarily. *State v. Eichelberger*, 227 Neb. 545, 418 N.W.2d 580 (1988). Intent may be inferred from the words or acts of the defendant and from the circumstances

surrounding the incident. *State v. Eichelberger, supra.* The determination of whether a defendant has the ability to pay child support in order to determine whether the failure to do so was intentional is a question of fact left to the jury. See *State v. Eichelberger, supra.*

The evidence is unequivocal that the court had ordered the payment of child support and that defendant had failed to make the payments as required. Proof of defendant's ability to work despite his asthmatic condition is evidenced by his work history from January through June 1989. The record discloses sufficient facts and circumstances from which a jury could infer that the defendant was capable of working during this period of time and that his refusal to pay child support was willful.

On a criminal defendant's motion to dismiss the charges against him or her for insufficient evidence, the State is entitled to have all its relevant evidence accepted as true, the benefit of every inference reasonably drawn from the evidence, and every controverted fact resolved in its favor. *State v. Brown,* 235 Neb. 374, 455 N.W.2d 547 (1990).

The defendant argues that a confession, standing alone, is insufficient to prove that a crime has been committed. See *State v. Zaritz,* 235 Neb. 599, 456 N.W.2d 479 (1990). In a confession an accused admits guilt of every material element of the crime charged, whereas in an admission an accused acknowledges some fact or circumstance in itself insufficient to constitute an acknowledgement of guilt, but tending to prove the ultimate fact of guilt. *State v. Bodtke,* 219 Neb. 504, 363 N.W.2d 917 (1985). While the telephone conversations could be considered an admission of the defendant's intent not to meet his child support obligations, it does not appear that the defendant admitted every material element of felony nonsupport and therefore that he made a confession. However, he did make certain admissions which could properly be considered by the jury along with all other facts and circumstances in the case.

There is no merit to the defendant's first assignment of error.

A sentence that is within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Stephens,* 237 Neb. 551, 466 N.W.2d 781 (1991). Each count of

which defendant was convicted is a Class IV felony, with a possible maximum sentence of 5 years' imprisonment.

In imposing a sentence, a sentencing judge should consider, among other things, the defendant's age, mentality, education, experience, and social and cultural background, as well as his past criminal record or law-abiding conduct, the motivation for the offense, the nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Nevels*, 235 Neb. 39, 453 N.W.2d 579 (1990).

There is no evidence that the sentencing judge failed to take the specified factors into account in imposing the sentences. There was no abuse of discretion, and the judgment of the district court is affirmed.

AFFIRMED.