STATE OF NEBRASKA, APPELLEE, V. DAVID L. WALTRIP, APPELLANT.
484 N.W.2d 831

Filed June 12, 1992.   No. S-91-010.

Thomas J. Garvey, Sarpy County Public Defender, and Robert C. Wester for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

After a trial to the court, the defendant, David L. Waltrip, was convicted of third degree assault and fined $200 plus costs. Upon appeal to the district court, the judgment was affirmed.

The defendant has now appealed to this court and contends that the evidence is insufficient to support the judgment.

When reviewing the sufficiency of the evidence to support a conviction in a criminal prosecution, it is not the province of an appellate court to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or reweigh the evidence. These are all matters for the trier of fact, and a conviction must be sustained if the evidence, when viewed in the light most favorable to the State, is sufficient to support the conviction. *State v. Bright*, 238 Neb. 348, 470 N.W.2d 181 (1991).

The record shows that on the night of November 20, 1989, the victim, David R. Tarvin, Sr., was driving home with his son when, while stopped at a traffic light, he heard the defendant pounding on the windshield of the car and yelling something which could not be understood.

Minutes later, after stopping in a parking lot, the victim got out of his car, approached the defendant, and exchanged words

with him. The defendant then grabbed the victim by the lapels of his raincoat and punched him in the face. The two men scuffled for a while, and then the victim's son, David R. Tarvin, Jr., and two other individuals entered into what the victim characterized as "a free for all brawl."

The victim testified that the initial punch by the defendant did not cause him any pain. The defendant argues that because the victim testified that he did not feel any pain at the time the punch was thrown, the evidence is insufficient to establish that the defendant intentionally, knowingly, or recklessly caused bodily injury to the victim, as provided in Neb. Rev. Stat. § 28-310(1)(a) (Reissue 1989), which defines third degree assault.

Section 28-310(1)(a) "does not require serious bodily injury, but only bodily injury." *State v. Goodon*, 219 Neb. 186, 188, 361 N.W.2d 537, 539 (1985). In *Goodon*, the evidence showed that, among other things, the defendant drove his automobile so close to the victim that he barely hit the back of her leg. We stated, "It seems clear beyond question that if one is struck in the leg with an automobile, no matter how minor that may be, that such striking causes some bodily injury." *Id.*

In this case, the testimony of the victim that he did not feel any pain from the defendant's blow to his face is not controlling. It may be inferred from the facts that the defendant's intentional punch to the victim's face caused him bodily injury.

The evidence, when viewed in the light most favorable to the State, is sufficient to support the conviction of the defendant for third degree assault.

The judgment is affirmed.

AFFIRMED.