REQUESTED BY: Jean A. Lovell, Chair, Nebraska Board of Parole
You have inquired whether the Nebraska Board of Parole ("Board") is obligated to conduct an evidentiary hearing to consider a parolee's request to use peyote in the course of Native American religious services. Presumably, the parolee's current conditions of parole preclude the use of controlled substances. Particular reference is made in your inquiry to 1994 amendments to the American Indian Religious Freedom Act ("AIRFA"), which provide in pertinent part that
 [n]otwithstanding any other provision of law, the use, possession, or transportation of peyote by an Indian for bona fide traditional ceremonial purposes in connection with the practice of a traditional Indian religion is lawful, and shall not be prohibited by the United States or any State.
42 U.S.C. § 1996a(b)(1).
You note that the 1994 amendments to this federal legislation contain the following exemption, which the Board has construed as extending to inmates under parole supervision:
 This section shall not be construed as requiring prison authorities to permit, nor shall it be construed to prohibit prison authorities from permitting, access to peyote by Indians while incarcerated within Federal or State prison facilities.
42 U.S.C. § 1996a(b)(5).
As a preliminary matter, we agree that Congress did not intend to extend AIRFA's protections to inmates or parolees, particularly those who, like the parolee in question, are under parole supervision for a crime relating to substance abuse. Seealso, State v. Thomas, 236 Neb. 553, 462 N.W.2d 618
(1990) (restrictions imposed upon a prisoner who is paroled are sufficient to render that person in custody under sentence).
It is also likely that the 1994 amendments to AIRFA will be subject to challenge in light of the U.S. Supreme Court's recent decision in City of Boerne v. Flores, 1997 WL 345322 (U.S. June 25, 1997), declaring the Religious Freedom Restoration Act ("RFRA"), codified at 42 U.S.C. §§ 2000bb-2000bb-4, to be unconstitutional. RFRA, like AIRFA, was enacted in direct response to the Supreme Court's decision in Employment Div.,Dept. of Human Resources of Ore. v. Smith, 494 U.S. 872,110 S.Ct. 1595 (1990), which upheld against a free exercise challenge a state law, of general applicability, criminalizing peyote use.
In any event, we are aware of no federal or state law entitling a parolee to a hearing before a parole board so that conditions of parole, already agreed to, may be renegotiated. The Board has the statutory authority and obligation to set conditions of parole, including a requirement that parolees refrain from engaging in criminal conduct by the possession or use of controlled substances, whatever the context. Neb. Rev. Stat. § 83-192(1)(b) and § 83-1,116. Before and after AIRFA, the State of Nebraska has defined peyote as a controlled substance. Neb. Rev. Stat. § 28-405(c)(12).
In sum, a hearing before the Board to review conditions of parole with a parolee is not legally required. Moreover, state law does not permit the outcome sought by the parolee in this case.
Sincerely,
 DON STENBERG Attorney General
 Marie C. Pawol Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General