IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. BOLES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL R. BOLES, APPELLANT.

Filed September 29, 2020.    No. A-19-1164.

Appeal from the District Court for Washington County: JOHN E. SAMSON, Judge. Affirmed.

Nicholas E. Wurth, of Law Offices of Nicholas E. Wurth, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Michael R. Boles was convicted in the district court for Washington County of possession of a controlled substance, a Class IV felony, and was sentenced to 24 months' probation. On appeal he alleges the evidence was insufficient to support the conviction. We disagree and therefore affirm.

### BACKGROUND

On October 24, 2018, Deputy Sheriff Cody Peters and a team of officers were called to a residence owned by Boles' mother, Mary Ann Boles, in Washington County to execute a narcotics search warrant. Boles, his mother, brother, brother's girlfriend, nephew, nephew's friend, and a homeless man whom they had taken in, all lived in the residence around that time.

Peters searched the residence's southwest bedroom, which Mary Ann identified as an unclaimed guest bedroom at the time of the search. Upon entering the bedroom, Peters noticed the

- 1 -

second drawer of a dresser was partially open. A black box containing three plastic baggies was found within the drawer. Each of the three baggies contained remnants of a white, crystal substance, at least one of which field-tested positive as methamphetamine. In the same drawer, Peters also found a clear plastic case containing three glass pipes next to a revolver. He deduced the pipes were for smoking methamphetamine. In the same bedroom, Peters found a shotgun engraved with the initials "MRB." Within the bedroom Deputy Jack Dein found a prescription pill bottle and two pieces of mail, all of which had Boles' name on them. The pill bottle listed the prescribing physician, and one of the pieces of mail addressed to Boles was from that physician. Both pieces of mail listed Boles' mailing address as different from the address of the residence in which they were discovered. On top of the dresser, Dein also found a cigarette pack containing pieces of a glass pipe and a "meth pipe" which the parties at trial referred to as a "glass globe."

Mary Ann testified that Boles' brother, David, and David's girlfriend had lived in the southwest bedroom but moved all their belongings into the basement around 2011. In 2014, Mary Ann cleaned out the top two drawers of the dresser for her brother to use and emptied them when he moved out of the residence in 2015. Mary Ann was unaware if anyone else used that dresser after that time.

Boles began moving his belongings from his prior residence into a barn on the property in September 2018. He moved his bed into the house in late September or early October 2018. Mary Ann testified that the bed, a table, a filing cabinet, and a computer in the room belonged to Boles, but the dresser containing the methamphetamine belonged to her. She had never seen Boles in possession of the drug paraphernalia found in the bedroom but had seen the prescription pill bottle and a similar-looking box of filtered cigarettes.

Boles testified that the day he moved his bed into the southwest room, he placed his .38 revolver in the second drawer of the dresser. He explained he did so because his 17-year-old nephew's friends were helping him move the bed and he did not want them to see the gun. Boles admitted that he periodically opened the dresser drawer slightly to use the edge of it as a table for his laptop, but otherwise did not open the drawer. The day that he moved his bed, he also moved his shotgun, end table, filing cabinet, a safe, other boxes, and personal items into that room.

Boles stated that he was aware of the glass globe and cigarette box located on top of the dresser in the southwest bedroom. He explained that he found them in the garage the day before the search warrant was executed. He testified that he was "suspicious" of them because he knew of David's prior drug arrest. Boles confronted David about them and David responded that the glass globe was an oil burner for incense oil. Because Boles was not convinced with that answer, he put them in his room until he could do some "research."

As for the pipes, baggies, and methamphetamine found in the dresser drawer, Boles testified he had never seen them and did not know of their presence prior to the execution of the search warrant. Boles also testified he had never used, possessed, or unknowingly found methamphetamine on his person. He claimed ownership of the prescription pill bottle found in the drawer of the end table and the mail found on the dresser. Boles testified he had dominion and control over the southwest bedroom.

At the conclusion of trial, the jury found Boles guilty of possession of a controlled substance. The court sentenced him to 24 months of probation. Boles timely appealed.

ASSIGNMENT OF ERROR

Boles assigns that the evidence at trial was insufficient to support his conviction for possession of a controlled substance.

STANDARD OF REVIEW

In reviewing a criminal conviction for a sufficiency of the evidence claim, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. McCurdy*, 301 Neb. 343, 918 N.W.2d 292 (2018). Regardless of whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Jedlicka*, 297 Neb. 276, 900 N.W.2d 454 (2017).

ANALYSIS

Boles argues the evidence was insufficient to sustain his conviction for possession of a controlled substance. He asserts the State failed to prove he had constructive possession over the methamphetamine because he did not have dominion or control over the substance and did not know of its nature or character and its presence. We disagree.

A person possesses a controlled substance when he knows of the nature or character of the substance and of its presence and has dominion or control over it. *State v. Howard*, 282 Neb. 352, 803 N.W.2d 450 (2011); *State v. Sherrod*, 27 Neb. App. 435, 932 N.W.2d 880 (2019). Possession can be either actual or constructive, and constructive possession of an illegal substance may be proved by direct or circumstantial evidence. *Id.* Where circumstantial evidence is relied upon, the circumstances proven must relate directly to the guilt of the accused beyond a reasonable doubt in such a way as to exclude any other reasonable conclusion. *State v. Klutts*, 204 Neb. 616, 284 N.W.2d 415 (1979).

Boles was not found in actual possession of the methamphetamine, so the question before us is whether sufficient evidence existed for the factfinder to reasonably infer he had constructive possession; in other words, he must have been aware of the presence of the drug and must have had dominion or control over it. See, *State v. Howard, supra*; *State v. Sherrod, supra*. However, mere presence at a place where a controlled substance is found is insufficient to show constructive possession. *Id.* Rather, the evidence must show facts and circumstances affirmatively linking Boles to the methamphetamine so as to suggest that he knew of and exercised control over it. *Id.*

By Boles' own admission at trial, he had dominion and control over the southwest bedroom, inside which the methamphetamine was found. At the time of the search, Boles had been sleeping each night in that room for approximately a month. Boles claimed ownership of multiple items in the southwest bedroom, including the bed, table, television, filing cabinet, computer, safe, .38 revolver, shotgun, prescription pill bottle, and two pieces of his mail. These facts could have led a jury to determine that Boles had dominion or control over the contents of the southwest

bedroom, including the methamphetamine, at the time of the search. See *State v. Britt*, 200 Neb. 601, 264 N.W.2d 670 (1978), *questioned on other grounds, State v. Harney*, 237 Neb. 512, 466 N.W.2d 540 (1991) (finding constructive possession based in part upon defendant having lived two or three nights per week in residence where cocaine was found).

Additional circumstantial evidence supports the jury's conclusion that Boles had constructive possession over the methamphetamine found in the dresser drawer. Mary Ann testified that prior to Boles' moving in, she emptied the dresser drawer. She further stated that the pipe found in the drawer did not belong to her or her brother, the previous occupant of the room. According to Mary Ann, she had not seen anyone use the drawer after she cleaned it out around 2015.

Boles did not deny using the drawer; rather, he admitted that he had opened the drawer and put his .38 revolver in it the day he moved his bed into the residence to avoid his nephew's friends from seeing it. He also explained that he would occasionally open the drawer to prop up his laptop and that it was not unusual for the drawer to be "slightly ajar." The .38 revolver, the clear box with the glass pipes, and the box containing the methamphetamine in the baggies were all found in close proximity to one another in the same drawer. A reasonable jury could infer that Boles either became aware of the illegal items due to his use of the dresser drawer or that he used the drawer to store these items himself. See *State v. Sherrod*, 27 Neb. App. 435, 932 N.W.2d 880 (2019).

Boles argues that the State failed to prove he knew of the illegality of the methamphetamine. He focuses on the fact that the amount found was approximately .1 gram. He argues that the methamphetamine existed as "tiny specks of powder" located in small baggies, buried under items in a box, in a drawer. Brief for appellant at 27. At trial, Boles denied any involvement in illegal drugs, denied knowing the purpose of the glass globe he had found in the barn, and identified photographs of the methamphetamine pipes that were found in the clear case in the drawer as depicting "different forms of glass, dirty glass or broken glass." He unequivocally denied knowing the methamphetamine was in the room.

However, Boles was aware of the glass globe on the dresser, having put it there the day before. And photographs depict his revolver in the drawer in close proximity to the clear case containing similar methamphetamine pipes. The jury was not required to accept his explanation of why the glass globe was on his dresser or his denial of knowledge of the other items' presence. It is not the province of this court to resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016).

Based on the evidence set forth above, we determine the evidence was sufficient for a reasonable jury to conclude Boles had constructive possession of the methamphetamine found in the drawer because he had dominion or control over the bedroom in which the substance was located, and he both knew of the drug's presence and its nature. Ultimately, we conclude that the evidence, viewed in the light most favorable to the prosecution, was sufficient to support Boles' conviction.

## CONCLUSION

Finding the evidence was sufficient to support Boles' conviction, we affirm his conviction and sentence.

AFFIRMED.